GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
MICHAEL H. COGGESHALL, ESQ.
Nevada Bar No. 14502
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, NV  89101
Telephone: (702) 385-1482
Facsimile:  (702) 385-2604
gillock@gmk-law.com
mcoggeshall@gmk-law.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL LEWIS, Individually and as Administrator of the Estate of KEVIN LEWIS, Deceased; MICHAEL LEWIS as Guardian Ad Litem of LUKE ARTHUR LEWIS, a minor, and EMBER LYNN LEWIS, a minor, as heirs of the Estate of KEVIN LEWIS, Deceased, | Case No. |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY** |
| CITY OF HENDERSON, NEVADA, a political subdivision of the State of Nevada: HENDERSON POLICE DEPARTMENT, a political subdivision of the State of Nevada; THEDRICK ANDRES, individually and as policy maker and  Chief of CITY OF HENDERSON POLICE DEPARTMENT; DOE HENDERSON POLICE OFFICERS I through X; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; SHERIFF JOE LOMBARDO, individually and as policy maker of LAS VEGAS METROPOLITAN POLICE DEPARTMENT; DOE LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICERS,  I through X; DOES I through X; and ROE ENTITIES,  I through X, inclusive, | |
| Defendants. | |

*(Left margin vertical text)* GERALD I. GILLOCK & ASSOCIATES 428 South 4th Street Las Vegas, Nevada 89101

1

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

COME NOW Plaintiffs, Michael Lewis, Individually and as Administrator of The Estate of Kevin Lewis, Deceased; Michael Lewis as Guardian Ad Litem of Luke Arthur Lewis, a Minor, and Ember Lynn Lewis, a minor, as heirs of the Estate of Kevin Lewis, Deceased, by and through their attorney, GERALD I. GILLOCK & ASSOCIATES, and as and for their Complaint against Defendants, City of Henderson;  Henderson  Police Department; Thedrick Andres, Chief of Henderson Police Department; Doe Henderson Police Officers, I through X; Las Vegas Metropolitan Police Department; Sheriff Joe Lombardo, of Las Vegas Metropolitan Police Department; Doe Las Vegas Metropolitan Police Department  Officers I through X; allege as follows:

### General Allegations

1.      This is a civil rights action seeking redress for the deprivation of fundamental rights guaranteed by the United States and Nevada Constitutions. On April 7, 2020, Kevin Lewis was incarcerated in the Henderson Detention Center. On April 14, 2020, Henderson police officers transported Kevin to the Clark County Detention Center. Kevin died in the Clark County Detention Center on April 15, 2020.

2.      While at the Henderson Detention Center and while at the Clark County Detention Center, Kevin complained of pain and was in need of both medical and psychological attention and care. At all relevant times mentioned herein, Defendants, and each of them, failed and refused to provide the necessary medical and psychological care to Kevin, even though he was complaining of pain, was obviously in distress, and demonstrated the signs of requiring psychological care and treatment. Further, Defendants failed to provide medical and psychological care to Kevin despite Kevin's family informing Kevin's arresting officers he was off his medications and needed to be taken to the VA to receive care and become stabilized.

2

3.      As a direct and proximate result of the errors and omissions of the Defendants, and each of them, and their failure to provide Kevin with medical and psychological care, Kevin Lewis died at the Clark County Detention Center, on April 15, 2020.

4.      Plaintiffs allege that all of the Defendants acted under color of state law and violated Kevin's rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of Nevada.

5.      Detention and correctional facilities have an obligation to provide adequate medical care to detainees and prisoners. Because they are in the care, custody, and control of the institution, and are unable to seek their medical and psychological care elsewhere, providing adequate medical and psychological care to detainees and prisoners is an important task to which considerable time, effort, and expense must be devoted. It is foreseeable that incarcerated persons would have severe health and psychological problems.

6.      The obligation to provide care to detainees arises from the due process guarantees of the Fourteenth Amendment, and that failure to provide such care would essentially constitute a form of punishment imposed on persons not convicted of a crime, which is impermissible.

7.      All of the events, errors, and omissions complained of herein occurred in Clark County, Nevada, and this action is properly assigned to the United States District Court for the District of Nevada.

### Jurisdiction

8.      This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983, which allow Plaintiffs to sue state or local officials for the

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

"deprivation of any rights, privileges, or immunities secured by the Constitution and Federal Law."

9.    The Court has supplemental jurisdiction over Plaintiffs' state claims, which are based on state law, under 28 U.S.C. § 1367. The damages in this matter exceed $75,000.

## Venue

10.    Venue in the United States District Court for the District of Nevada is proper pursuant to 28 U.S.C. § 1391. All of the Plaintiffs and Defendants reside in the County of Clark, State of Nevada, which is in the District of Nevada, and all of the acts and omissions giving rise to the Plaintiffs' claims occurred in the County of Clark, State of Nevada which is in the District of Nevada.

## Parties

11.    At all times relevant herein, Plaintiff Michael Lewis was and is a resident of Clark County, Nevada and is the Administrator of the Estate of Kevin Lewis. Kevin Lewis was the Michael's adult son and Michael is the paternal grandfather of minors Luke Arthur Lewis and Ember Lynn Lewis.

12.    At all times relevant herein, Michael was and is the Guardian Ad Litem of minors Luke Arthur Lewis and Ember Lynn Lewis as heirs of the Estate of Kevin Lewis. Luke and Ember were the natural children of Kevin Lewis.

13.    At all times relevant herein, Luke Arthur Lewis was and is a resident of Clark County, Nevada.

14.    At all times relevant herein, Ember Lynn Lewis was and is a resident of Clark County, Nevada.

15.    At all times relevant herein, the City of Henderson is and was a political subdivision of the State of Nevada and employs other Defendants in this action.

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

4

16.     At all times relevant herein, Henderson Police Department is and was a political subdivision of the State of Nevada and employs other Defendants in this action.

17.     At all times relevant herein, Thedrick Andres ("Chief Andres") was and is the Chief of the Henderson Police Department and was acting within the course and scope of his employment. Chief Andres is and was, at all times relevant herein, a policy-making official for the Henderson Police Department, with the power to make official and final policy for Henderson Police Department. Chief Andres is sued in his individual capacity. At all relevant times herein, Chief Andres was and is a resident of Clark County, Nevada.

18.     At all times relevant herein, Defendants Doe Henderson Police Officers I through X were employed by the Henderson Police Department, and were acting within the course and scope of that employment. Doe Henderson Police Officers I through X, are being sued in their individual capacities. Based upon information and belief, at all relevant times, Doe Henderson Police Officers I through X were and are residents of Clark County, Nevada.

19.     At all times relevant herein, Defendant Las Vegas Metropolitan Police Department ("LVMPD") was and is a political subdivision of the State of Nevada and employs other Defendants in this action.

20.     At all times relevant herein, Defendant Sheriff Joe Lombardo ("Sheriff Lombardo") was the elected Sheriff of LVMPD and was acting within the course and scope of his employment. Sheriff Lombardo is and was, at all times relevant herein, a policy-making official for LVMPD with the power to make official and final policy for LVMPD. Sheriff Lombardo is sued in his individual capacity. At all relevant times herein, Sheriff Lombardo was and is a resident of Clark County, Nevada.

5

21.     Defendants Doe Las Vegas Metropolitan Police Department Officers, I through X, at all material times, were employed by the LVMPD, and were acting within the course and scope of that employment. Doe Las Vegas Metropolitan Police Department Officers, I through X, are being sued in their individual capacities. Based upon information and belief, at all relevant times, Doe Las Vegas Metropolitan Police Department Officers, I through X were and are residents of Clark County, Nevada.

22.     At all times relevant herein, Defendants DOES I through X and ROE ENTITIES I through X are unknown to Plaintiffs, who therefore complain against said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE or a ROE ENTITY is responsible in some manner for the events and happenings herein referred to and proximately caused injury and damages to Kevin Lewis and to the Plaintiffs; that Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants DOES I through X, and ROE  ENTITIES  I through X when same have been ascertained by Plaintiffs, together with appropriate charging allegations, and to join such Defendants in this action.

23.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings described in this Complaint and proximately caused injuries and damages to Plaintiffs. Further, one or more Doe and/or Roe Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other Defendants including Doe Defendants. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co- conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course

and scope of that relationship.

24.     Upon information and belief, each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Kevin Lewis' constitutional rights and other harm.

25.     The acts and omissions of all Defendants, and each of them, as set forth herein, were at all material times pursuant to the actual customs, policies, practices and procedures of LVMPD and the Henderson Police Department.

26.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of Nevada.

27.     This Complaint may be pled in the alternative pursuant to Fed.R.Civ.P. 8(d)(2).

**Statement of Facts**

28.     On or about April 7, 2020, Margaret Tracy, the mother of Ashley Allen, called the Henderson Police Department, stating that Kevin Lewis, the boyfriend of Ashley Allen, was having a "manic episode" and that Kevin would not allow Ashley or their two children, Luke and Ember, to leave the family's house ("subject residence"). Upon arriving at the subject residence, Henderson Police Officer Samantha Nameth Field Training Officer L. Zahnow observed Ashley leaving the residence with two children and driving away in a vehicle.

29.     Officers directed Ashley to a location around the corner from the subject residence, where they spoke with her. Lieutenant W. Dennison, Sergeant J. Bott, Officer G. Momon, Officer R. Miller, and Officer K. Framoton also arrived at the subject residence.

///

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

7

In her written report, Officer Namath described Kevin on April 7, 2020, as follows:

**Kevin exited the garage door with both hands up, he had Ashley's cell phone in his right hand. Kevin began yelling that he was unarmed and to not shoot him. Kevin was directed to lay in the prone position on the ground and was then placed in handcuffs. Kevin advised where all the guns were in the garage. The house was cleared.**

**Kevin was breathing heavily; his pupils were pinpointed. Kevin was asking obscure questions such as if the officers were the devil and advising that he was with the Lord. Medical was called to the scene to check and see if he was ok. Kevin appeared delusional and was making several statements that did not make sense. Rescue 95 arrived on scene to assess Kevin. Kevin was physically cleared.**

**Officer Miller was attempting to talk to Kevin and ask him questions, but he was very unfocused and distracted. Kevin would turn to me several limes while Officer Miller was asking him questions and would make comments stating that I was beautiful, at times he was singing to me about it. Kevin was unable to hold his attention and made several irrational statements which substantiated the fact that he was off his medications. . . .**

**Kevin stated he did not know why the police were at his house. He said his wife and him were arguing because he believed she was possessed by the devil. He stated Ashley's 'programming' was broken. Kevin was asked by officers if anything physical happened between him and his wife and he stated nothing physical happened.**

30.    In her written report, Officer Namath stated the following:

**Officer G. Morgan interviewed Ashley Allen, who stated the following:**

**During the argument, Kevin rapidly yelled, "I love you" multiple times at which time Kevin slapped her on the left side of her face. During the argument Kevin held Ashley's face with his hands and began yelling in her face while his nose was touching hers. She tried to call 911 multiple times during which time he would take the phone from her and disconnect the call.**

**Ashley stated Kevin's behavior has gotten progressively worse and worse because he is off his medication. She stated at one point he made her and the kids sit on the couch while he held them all in place and would not let them leave. She also advised that Kevin grabbed her 4 year old daughter by the shoulders and screamed, "devil get out of her". Ashley said she took the kids and left the house the second Kevin went in the back yard.**
**Ashley stated they have been together for 5 years. Kevin was diagnosed with bipolar disorder approximately two years ago. Kevin has been taking medication for bipolar disorder until two weeks ago when he decided to stop taking it and has become more and more aggressive since.**

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

31.     In her Henderson Police Department Witness Statement, Ashley wrote:

**Kevin has been slowly ramping up with paranoia and conspiracy theories about religious thoughts and government surveillance. Kevin has not sleep (sic) in two days and has become manic. . . .**

32.     In her Henderson Police Department Witness Statement, Ashley's mother, Margaret, wrote:

**I live with Kevin Lewis, my daughter and grandkids. Kevin has been [an] inpatient several times for mental issues. The last couple days he has become paranoid and thinks everyone is out to get him. He's been not sleeping for a couple days, talking crazy. He needs to go to V.A. hospital for evaluation.**

33.     Instead of having Kevin transferred to a hospital for an evaluation and treatment for his mental health issues, on April 7, 2020, Kevin was arrested by Officers employed by the Henderson Police Department for domestic battery and coercion. Upon being incarcerated in the Henderson Detention Center, on April 8, 2002, Kevin was also served with a Temporary Protective Order, which had been obtained by Ashley.

34.     Kevin was incarcerated at the Henderson Detention Center from April 7, 2020 through April 14, 2020.

35.     While incarcerated at the Henderson Detention Corrections Kevin's behavior was not rational. Officers noticed on April 10, 2020 that his pupils were dilated and he was shifting his eyes round, not focusing on any one thing. No medical screen was ever completed. At no time during his stay at the Henderson Detention Center was Kevin seen by a medical doctor, even though he was given shots and pills. When a nurse attempted to take his blood pressure, Kevin threw the blood pressure cuff and gauge at the cell door, breaking it into pieces. It was then determined that Kevin was to "be a two officer contact."

36.     On April 11, 2202, employees of the Henderson Detention Center spent two hours trying to convince Kevin to return his food tray. When Kevin finally handed them the tray, it was

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

covered in feces.

37.     On April 12, 2020, employees of the Henderson Detention Center found Kevin covered in feces and he was escorted to a dressout room for a shower. Once inside the shower, he began banging on the shower wall. While walking back to his cell, Kevin planted his feet and would not move forward.

38.     On April 13, 20202, Kevin agreed to take another shower. Once outside his cell, he headed in the wrong direction, walking toward the breathalyzer area, where he stood, shaking his head.

39.     During the time that Kevin was incarcerated at the Henderson Detention Center, he was scheduled to attend court appearances before the Justice of the Peace. He failed to attend any of his court appearances.

40.     Employees of the Henderson Detention Center reported that Kevin made suicidal threats and that he was placed on suicide watch.

41.     On April 14, 2020, Kevin was transferred to the Clark County Detention Center. Because employees of the Henderson Detention Center claimed that Kevin made suicidal threats, he was placed on suicide watch at the Clark County Detention Center. It is not clear why, but Kevin was placed in an isolated cell while at CCDC.

42.     According to the Clark County Detention Center:

**The following was the timeline which was recorded by the camera inside Lewis' cell:**

- **2237 hrs. - Visual check was completed by corrections officer.**
- **2251 hrs. - Lewis held his chest, grabbed the blanket and placed it** *over* **his head.**
- **2252 hrs. - Lewis collapsed onto the ground, face down and partially on his left side.**
- **2253 hrs. - Visual check was completed by corrections officer. He observed Lewis was moving.**
- **2255 hrs. -The corrections officer working the camera pulled up Lewis's cell view to   get a closer look.**

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

10

- **2258 hrs. - Corrections Sergeant entered the cell and called for medical.**
- **2259 hrs. - More officers arrived.**
- **2301 hrs. - Medical staff arrived and began chest compressions/CPR.**
- **2307 hrs. - City FD and AMR arrived.**
- **2328 hrs. - Paramedics phoned UMC to advise of Lewis's condition. Dr. Devon Moore pronounced the time of death via the telephone. (Lewis's body remained at CCDC until the mortuary arrived**

43.     The Clark County Detention Center further noted in their report:

**FIT was advised at 2345 hours and responded. Lieutenant D. Butler provided the briefing to FIT. During the investigation, the video surveillance was obtained of the incident and FIT was provided copies. While at CCDC, Lewis had not displayed any signs and symptoms of COVID-19, however medical staff was unable to interview him due to the fact he refused to answer any questions. At this time, it is also unknown of any type of narcotic history.**

**Follow- up:**

1.  **Coroner Cameron Cheal P# 402 was notified, did not respond (case# 20-2065).**
2.  **Davis Mortuary responded and sealed the body (seal# 1251392)**

44.     Kevin died at the Clark County Detention Center on April 15, 2020 at 11:28 p.m. while in an isolated cell, having received no medical or psychological care even though (1) he had allegedly threatened suicide; (2) he had complained of pain; (3) he had asked for medication; (4) Kevin's family told arresting officers Kevin was off his medications and needed to go to the VA; and (5) Kevin was acting erratically while in custody.

45.     On the morning of April 16, 2020, Michael Lewis and Carre Lewis, Kevin's natural parents, received a call from Sgt. Michelle Iacullo, an Officer employed the Las Vegas Metropolitan Police Department. She stated that she was in charge of in-custody deaths, and she told Michael Carre the following:

> **Kevin died from a ruptured ulcer. He had been complaining of pain. He was asking for specific drugs. The corrections officers thought he was engaging in drug seeking behavior.  They put him in isolation to help him practice his coping skills.**

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

46.     An autopsy was performed before Sgt. Michelle Iacullo called Kevin's parents.

The Autopsy Report indicated as follows:

**EVIDENCE OF INJURY:**

**The right and left sides of the abdomen have faint, yellow to brown to green contusions.**

**The right and left knee areas have multiple, brown-yellow-red contusions and focal, red abrasions. The medial aspect of the right ankle has a small, yellow-brown-red contusion. . . .**

**FINDINGS:**

1. **Peritonitis.**
2. **Ruptured duodenal ulcer.**
3. **Culture of peritoneal fluid revealed *Escherichia coli*.**
4. **Cardiomegaly (470 grams).**
5. **Mild pulmonary edema.**
6. **Resuscitation injuries.**
7. **Toxicology revealed peripheral blood positive naloxone, sertraline 52 ng/mL, desmethylsertraline ng/mL, delta-9 carboxy THC 78 ng/mL and delta-9 THC ng/mL.**

**CONCLUSION:**

**Based upon the history and autopsy findings, it is my opinion that the decedent died as the result of peritonitis due to ruptured duodenal ulcer.**

47.     Just eight days before Kevin died, at the Clark County Detention Center, another inmate, Drew Max, CCOCME# 20-01870, died while in custody. By the time Kevin died on April 15, 2020, at least twelve other inmates had also died at the Clark County Detention Center, in 2020, including:

- Baby John Petro, CCOCME#20,02020
- Jose Hernandez,
  CCOCME# 20-02113
- Chase Rosa,
  CCOCME# 20-02170
- Jesus Caballero-Herrera,
  CCOCME# 20-02366

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

- Donald Adams,
  CCOCME# 20-02466
- Justin Charland,
  CCOCME# 20-02497
- James Pease,
  CCOCME# 20-02541
- Robert Thomas,
  CCOCME# 20-02621
- Michael Barrett,
  CCOCME# 20-02885
- Sileshi Woldu,
  CCOCME# 20-01314
- Thomas Ripepi,
  CCOCME# 20-01871
- Drew Max,
  CCOCME# 20-01870

48.   As a direct and proximate result of each Defendants' acts and omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

a.   Wrongful death of Kevin;

b.   Funeral and burial expenses;

c.   Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

d.   Loss of economic support;

e.   Violation of constitutional rights;

f.   All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and otherwise allowed under Nevada and United States statutes, codes, and common law;

h.   Kevin' loss of life, pursuant to federal civil rights law;

i.   Kevin' conscious pain and suffering, pursuant to federal civil rights law.

13

**FIRST CAUSE OF ACTION**
**42 USC § 1983**
**Against all Defendants**

49.      Plaintiffs incorporate the preceding paragraphs by reference as if fully rewritten herein.

50.      Defendants, and each of them, at all times relevant to this action, were acting under color of state law.

51.      The Due Process Clause under the Fourteenth Amendment to the United States Constitution requires that the procedures by which laws are applied be fundamentally fair, so that individuals are not subjected to the arbitrary exercise of government power. The appropriate framework for assessing procedural rules requires a determination as to whether the procedures are offensive to the concept of fundamental fairness.

52.      Defendants City of Henderson, Henderson Police Department, and LVMPD failed to adopt clear policies and failed to properly train its officers and employees as to the proper role of officers and employees when dealing with an individual who is having a "manic episode" and who is complaining of being in pain. The Defendants' procedures, were offensive to the concept of fundamental fairness, which is required under the Fourteenth Amendment, because Kevin was denied his right to psychological and medical treatment which may have saved his life.

53.      The denial of medical and psychological care by Defendants, and each of them, deprived Kevin of his right to be secure in his person against unreasonable seizures guaranteed to Kevin under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

54.      Defendants, and each of them, knew that failure to provide timely medical treatment to Kevin could result in further significant injury or the unnecessary and wanton infliction of pain,

but disregarded that serious need, causing Kevin Lewis great bodily harm and death.

55.     Defendants City of Henderson, Henderson Police Department, and LVMPD's failure to adopt clear policies and their failure to properly train their officers and employees, were a direct and proximate cause of the constitutional deprivation Kevin suffered.

56.     Kevin had a right, clearly established under the Fourth Amendment to the United States Constitution, and enforceable against the States through the Due Process Clause of the Fourteenth Amendment, to be free from neglect and physical abuse by the Defendants. As a direct and proximate result of Defendants' conduct, Kevin was denied due process of law.   The Defendants' conduct was offensive to the concept of fundamental fairness.

57.     Despite the fact that both Kevin's partner, Ashley Allen, and Ashley's mother, Margaret Tracy, had informed officers employed by Henderson Police Department that Kevin was "manic," paranoid, and mentally unstable, the officers failed to request that Kevin be evaluated by a medical doctor or a psychiatrist. At the time of Kevin's arrest, Margaret specifically informed the officers that **"**[t]he last couple days [Kevin] has become paranoid and thinks everyone is out to get him. He's been not sleeping for a couple days, talking crazy. He needs to go to V.A. hospital for evaluation."

58.     Nevertheless, the Henderson officers arrested Kevin and incarcerated him at the Henderson Detention Center rather than obtaining the proper medical and psychological care for him. While Kevin was incarcerated at the Henderson Detention Center, he complained of pain, yet he was never seen by a physician or a psychiatrist.

59.     After Kevin was transported to the Clark County Detention Center on April 14, 2020, he again showed signs of mental instability and he complained of pain. Nevertheless, Defendant LVMPD and Defendants Doe LVMPD Officers I though X, failed and refused to

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

15

provide Kevin with any medical or psychological care. In fact, the morning after his death, Kevin's

parents, Michael and Carre, received a telephone call from Sgt. Michelle Iacullo, an Officer

employed the Las Vegas Metropolitan Police Department who stated as follows:

> **Kevin died from a ruptured ulcer. He had been complaining of pain. He was asking for specific drugs. The corrections officers thought he was engaging in drug seeking behavior.  They put him in isolation to help him practice his coping skills.**

60.    By the actions and omissions described above Defendants violated 42 USC § 1983,

depriving Kevin of the following clearly-established and well-settled constitutional rights protected

by the Fourth and Fourteenth Amendments to the United States Constitution:

- To be free from deliberate indifference to the medical and psychological needs of Kevin Lewis, when Defendants and each of them had notice that he was having a "manic episode" and he was in physical pain. The Defendants, and each of them, had notice of the risk of harm that they are enhancing by failing to provide medical or psychological treatment to Kevin Lewis;

- The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society, support of each other, as secured by the First, Fourth and Fourteenth Amendments, and N.R.S. § 41.100.

- Defendants subjected Kevin to their wrongful conduct, depriving Kevin of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether Kevin's rights and safety would be violated by their acts and/or omissions.

61.    As a direct and proximate result the acts and/or omissions of the Defendants, and

each of them, as set forth above, Kevin sustained injuries and damages as set forth above.

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

16

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

62.     The Defendants, and each of them, violated the Due Process Clause under the Fourteenth Amendment to the United States Constitution which requires that the procedures by which laws are applied be fundamentally fair. The conduct of the Defendants, and each of them, was offensive to the concept of fundamental fairness.

63.     The deliberate indifference to the welfare of Kevin Lewis, and the willful, wanton, oppressive, and malicious conduct of the Defendants, and each of them, which was done with the reckless disregard for the rights and safety of Kevin Lewis, entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and N.R.S.§ 42.005.

64.     Plaintiffs bring this claim as successors-in-interest to Kevin, and seek both survival and wrongful death damages for the violation of Kevin's rights.

65.     Plaintiffs will recover for Kevin's heirs' grief, sorrow, loss of probable support, and loss of companionship. Plaintiffs will also recover for Kevin's pain and suffering. Plaintiffs will also recover Kevin's special damages, penalties, and exemplary damages for Kevin's estate.

66.     Plaintiffs have been forced to retain the services of an attorney to prosecute this matter, and they are also entitled to costs and attorney's fees under 42 USC § 1988.

### SECOND CAUSE OF ACTION
**42 USC Sec. 1983**
**Eighth Amendment to the United States Constitution**
**Cruel and Unusual Punishment**
**As to All Defendants**

67.     Plaintiffs incorporate the preceding paragraphs by reference as if fully rewritten herein.

68.     Defendants, and each of them, at all times relevant to this action, were acting under color of state law.

///

17

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

69.     The denial of medical and psychological care to Kevin Lewis subjected Kevin to "cruel and unusual punishment" which is prohibited under the Eighth Amendment to the United States Constitution.

70.     Defendants knew that failure to provide timely medical treatment to Kevin could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious need, causing Kevin's death.

71.     Among the unnecessary and wanton' inflictions of pain [constituting cruel and unusual punishment forbidden by the Eighth Amendment] are those that are totally without penological justification. Where law enforcement officials, officers and/or employees act with "deliberate indifference" to the inmates' medical or psychological health or safety, Defendants are in violation of the Eighth Amendment.

72.     Both Ashley Allen and Margaret Tracy informed police officers employed by the Henderson Police department that Kevin was experiencing a "manic episode" and that he required assistance with his mental health issues. Margaret suggested that he immediately be transported to the V.A. Hospital.

73.     While at the Henderson Detention Center and while at the Cark County Detention Center, Kevin complained of pain and was demonstrating mental health issues. Nevertheless, he was not provided with the medical or psychological attention he required, and he was not given the medication he needed to address his "manic episode."

74.     Despite the fact that Kevin was clearly demonstrating that he was experiencing medical and psychological problems, Defendants knowingly subjected him to a substantial risk of physical and psychological harm and unnecessary pain by failing to provide him with the medical and psychological assistance he obviously required.

18

75.     By the actions and omissions described above, Defendants violated 42 USC § 1983, depriving Kevin of the following clearly-established and well-settled constitutional rights protected by the Eighth Amendment to the United States Constitution:

- To be free from deliberate indifference to the medical and psychological needs of Kevin Lewis, when Defendants and each of them had notice that he was having a "manic episode" and he was in physical pain. The Defendants, and each of them, had notice of the risk of harm that they are enhancing by failing to provide medical or psychological treatment to Kevin;

- Defendants subjected Kevin Lewis and Plaintiffs to cruel and unusual punishment, prohibited by the Eighth Amendment to the United States Constitution, by depriving Kevin Lewis and Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether Kevin's rights and safety would be violated by their acts and omissions.

76.     As a direct and proximate result the acts and omissions of the Defendants, and each of them, as set forth above, Kevin sustained injuries and damages as set forth above.

77.     The deliberate indifference to Kevin's welfare, and the willful, wanton, oppressive, and malicious conduct of the Defendants, and each of them, which was done with the reckless disregard for Kevin's rights and safety, entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and N.R.S.§ 42.005.

78.     Plaintiffs bring this claim as successors-in-interest to Kevin, and seek both survival and wrongful death damages for the violation of Kevin's rights.

79.     Plaintiffs will recover for Kevin's heirs' grief, sorrow, loss of probable support, and loss of companionship. Plaintiffs will also recover for Kevin's pain and suffering. Plaintiffs will

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

also recover Kevin's special damages, penalties, and exemplary damages for Kevin's estate.

80.     Plaintiffs have been forced to retain the services of an attorney to prosecute this matter, and they are also entitled to costs and attorney's fees under 42 USC § 1988.

### THIRD CAUSE OF ACTION
**Negligence**
**Against All Defendants**

81.     Plaintiffs incorporate the preceding paragraphs by reference as if fully rewritten herein.

82.     Defendants, and each of them, at all times relevant to this action were acting under color of state law.

83.     At all times, Defendants, and each of them, owed Kevin the duty to act with due care in the execution and enforcement of any right, law, or legal obligation. Defendants, and each of them, knew that Kevin was having a "manic episode," that he had serious mental issues, and that he was in pain. Defendants, and each of them, negligently failed and refused to obtain appropriate psychological and medical care for Kevin, resulting in his death on April 15, 2020.

84.     Defendants owed Kevin the duty to act with reasonable care.

85.     The general duties of reasonable care and due care owed to Plaintiffs by all Defendants, include but are not limited to, the following specific obligations:

- To be free from indifference to the medical and psychological needs of Kevin Lewis, when Defendants and each of them had notice that he was having a "manic episode" and he was in physical pain;

- To refrain from abusing the authority granted to them by law;

- To use tactics and policies appropriate for a disabled, emotionally disturbed person having a medical or psychological emergency;

**GERALD I. GILLOCK & ASSOCIATES**
**428 South 4ᵗʰ Street**
**Las Vegas, Nevada 89101**

- To refrain from violating the rights of Kevin Lewis and Plaintiffs, guaranteed by the United States and Nevada Constitutions, as set forth above, and as otherwise protected by law.

86. Defendants subjected Plaintiffs to their negligent conduct, depriving Kevin of rights described herein.

87. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

88. As a direct and proximate result the acts and omissions of the Defendants, and each of them, as set forth above, Kevin sustained injuries and damages as set forth above.

89. Plaintiffs will recover for Kevin's heirs' grief, sorrow, loss of probable support, and loss of companionship. Plaintiffs will also recover for Kevin's pain and suffering. Plaintiffs will also recover Kevin's special damages, penalties, and exemplary damages for Kevin's estate.

90. Plaintiffs have been forced to retain the services of an attorney to prosecute this matter, and they are also entitled to costs and attorney's fees under 42 USC § 1988 and applicable Nevada statutes.

## FOURTH CAUSE OF ACTION

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**
**Against City of Henderson, Henderson Police Department, LVMPD, Sheriff Joe Lombardo, and Chief Thedrick Andres**

91. Plaintiffs incorporate the preceding paragraphs by reference as if fully rewritten herein.

92. Defendants, and each of them, at all times relevant to this action were acting under color of state law.

///

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

93.     While acting under the color of state law and within the course and scope of their duties and obligations as subdivisions of the State of Nevada and their employment as employees and police officers for the Henderson Police Department and LVMPD,  City of Henderson, Henderson Police Department, Sheriff Lombardo, and  Chief Andres failed and refused to train Defendants to properly assess and obtain medical and psychological care for arrestees and inmates such as Kevin, even though Kevin had complained of pain and Defendants had been informed that Kevin was in pain and that he had a history of mental issues.

94.     The training policies of City of Henderson, Henderson Police Department, and LVMPD were not adequate to train its police officers with regard to providing psychological and medical care to arrestees and inmates.

95.     As a result, Doe Henderson Police Officers I through X and Doe Las Vegas Metropolitan Police Department Police Officers I through X were not able to handle a situation in which an arrestee or an inmate such as Kevin was having a "manic episode" and experiencing severe pain.

96.     These inadequate training policies existed prior to the date of this incident and continue to this day. City of Henderson, Henderson Police Department, LVMPD, Sheriff Lombardo, and Chief Andres were deliberately indifferent to the known or obvious consequences of their failure to train their police officers adequately with regard to assessing the psychological or medical needs of arrestees and inmates such as Kevin and obtaining the proper medical and psychological care for such arrestees or inmates.

97.     City of Henderson, Henderson Police Department, LVMPD, Sheriff Lombardo, and Chief Andres were aware that failure to implement some sort of training with regard to their officers' ability to assess the medical and psychological needs of arrestees and inmates such as

22

Kevin could result in the death of arrestees or inmates.

98.     The failure of the City of Henderson, Henderson Police Department, LVMPD, Sheriff Lombardo, and Chief Andres to provide adequate training with regard to the assessment of the psychological and medical needs of arrestees and inmates resulted in a deprivation of Kevin's Constitutional rights.

99.     By failing to provide adequate training to Doe Officers of Henderson Police Department I through X and Doe Officers of LVMPD I through X, the City of Henderson, Henderson Police Department, LVMPD, Sheriff Lombardo, and Chief Andres acted with an intentional, reckless, and callous disregard for Kevin's safety, well-being, life, and constitutional rights.

100.     The actions of Defendants City of Henderson, Henderson Police Department, LVMPD, Sheriff Lombardo, and Chief Andres were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

101.     By reason of the aforementioned acts and omissions of the City of Henderson, Henderson Police Department, LVMPD, Sheriff Lombardo, and Chief Andres, Plaintiffs were caused to incur funeral and related burial expenses and loss of financial support.

102.     By reason of the aforementioned acts and omissions of the City of Henderson, Henderson Police Department, LVMPD, Sheriff Lombardo, and Chief Andres, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

103.     Accordingly, the City of Henderson, Henderson Police Department, LVMPD, Sheriff Lombardo, and Chief Andres are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

///

104.    Further, the City of Henderson, Henderson Police Department, LVMPD, Sheriff Lombardo, and Chief Andres, are liable to Plaintiffs for punitive damages.

105.    As a direct and proximate result of Defendants' acts and omissions described above, Plaintiffs sustained the injuries and damages described above.

106.    Plaintiffs will recover for Kevin's heirs' grief, sorrow, loss of probable support, and loss of companionship. Plaintiffs will also recover for Kevin's pain and suffering. Plaintiffs will also recover Kevin's special damages, penalties, and exemplary damages for Kevin's estate.

107.    Plaintiffs have been forced to retain the services of an attorney to prosecute this matter, and they are also entitled to costs and attorney's fees under 42 USC § 1988 and applicable Nevada statutes.

## FIFTH CAUSE OF ACTION
### Wrongful Death as to All Defendants

108.    That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

109.    That Kevin's death was caused or contributed to by the wrongful acts and negligence of the Defendants, and each of them, by and through their employees, servants, agents.

110.    Defendants failed and refused to obtain psychological or medical care for Kevin, even though they had notice that he as having "a manic episode" and that he was complaining of pain. As a direct and proximate result of Defendants' failure to properly assess Kevin's condition and to obtain psychological and medical care for him, Kevin died on April 15, 2020 at the Clark County Detention Center.

111.    According to Sgt. Iacullo, an Officer employed the Las Vegas Metropolitan Police Department, officers or employees at the Clark County Detention Center heard Kevin complaining of pain, but, rather than calling for the assistance of a medical doctor, or providing him with

24

medical care, "[t]hey put him in isolation to help him practice his coping skills." As a direct and proximate result of the conduct of the Defendants, and each of them, Kevin died on April 15, 2020.

112.    That Plaintiffs, as surviving heirs of the Estate of Kevin Lewis, are entitled to maintain an action against Defendants, and each of them, for damages and join the action pursuant to NRS 41.085(3).

113.    That Plaintiffs may recover damages for their grief or sorrow, loss of probable support, companionship, society, comfort, damages for pain and suffering or disfigurement of their son/father, and none of such damages shall be liable for any debt of the Decedent.

114.    That the Estate of Kevin Lewis may recover any special damages, such as medical expenses, which Kevin incurred or sustained before his death, and funeral expenses.

115.    That Plaintiffs may recover any penalties, including, but not limited to, exemplary or punitive damages, that Kevin would have recovered if he had survived.

116.    That Plaintiffs have individually suffered severe emotional distress, loss of society, companionship and comfort, grief, sorrow, mental pain and suffering, psychiatric impairment and loss of enjoyment of life as a proximate cause of the acts or omissions of the Defendants, their servants, and their agents and employees.

117.    Plaintiffs will recover for Kevin's heirs' grief, sorrow, loss of probable support, and loss of companionship. Plaintiffs will also recover for Kevin's pain and suffering. Plaintiffs will also recover Kevin's special damages, penalties, and exemplary damages for Kevin's estate.

118.    That Plaintiffs have been forced to retain the service of an attorney to represent them in this action, and as such are entitled to reasonable attorney's fees and litigation costs.

///

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

25

**SIXTH CLAIM FOR RELIEF**
**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
**As to City of Henderson, Henderson Police Department, LVMPD, Sheriff Lombardo, and Chief Andres**

119.   That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

120.   At all times relevant herein, Defendants, and each of them, deprived Kevin of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Kevin Lewis, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

- Employing and retaining as police officers and other personnel, they knew or reasonably should have known had dangerous propensities for abusing their authority; for mistreating citizens; and for failing to obtain psychological and medical care for arrestees and inmates who were suffering from pain or "manic episodes".
- Inadequately supervising, training, controlling, assigning, and disciplining Police Officers, and other personnel, who Defendants knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;
- By failing to adequately train officers, and failing to institute appropriate policies, regarding the assessment of arrestees and inmates for psychological and medical care;
- Having and maintaining an unconstitutional policy, custom, and practice of inadequate training regarding providing psychological and medical care to arrestees and inmates such as Kevin Lewis.
- The policies, customs, and practices of Defendants, and each of them, were done with a deliberate indifference to safety and rights of Kevin Lewis, and other members of the public;

121.   By reason of the aforementioned policies and practices of Defendants and each of them, Kevin Lewis lost his life. Defendants, and each of them, had either actual or constructive

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

26

knowledge of the deficient policies, practices and customs alleged in the paragraphs above.

122.    Despite having knowledge as stated above these Defendants, and each of them, condoned, tolerated and through actions and inactions thereby ratified such policies.

123.    Defendants, and each of them, acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to Kevin's constitutional rights, and other individuals similarly situated.

124.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, and each of them, acted with an intentional, reckless, and callous disregard for Kevin's life and constitutional rights.

125.    Defendants' actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

126.    By reason of the aforementioned acts and omissions of Defendants, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support. Further, because of Defendants' acts and omissions, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

127.    Accordingly, Defendants are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

128.    That Plaintiffs, as surviving heirs of the Estate of Kevin Lewis, are entitled to maintain an action against Defendants, and each of them, for damages and join the action pursuant to NRS 41.085 (3).

129.    That Plaintiffs may recover pecuniary damages for their grief or sorrow, loss of probable support, companionship, society, comfort, damages for pain and suffering or disfigurement of their son/father, and none of such damages shall be liable for any debt of the

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

Decedent.

130.    That the Estate of Kevin Lewis may recover any special damages, such as medical expenses, which the Kevin Lewis, Decedent incurred or sustained before his death, and funeral expenses.

131.    That Plaintiffs may recover any penalties, including, but not limited to, exemplary or punitive damages, that decedent would have recovered if he had survived.

132.    That Plaintiffs have individually suffered severe emotional distress, loss of society, companionship and comfort, grief, sorrow, mental pain and suffering, psychiatric impairment and loss of enjoyment of life as a proximate cause of the acts or omissions of the Defendants, their servants, agents and employees.

133.    Plaintiffs will recover for Kevin's heirs' grief, sorrow, loss of probable support, and loss of companionship. Plaintiffs will also recover for Kevin's pain and suffering. Plaintiffs will also recover Kevin's special damages, penalties, and exemplary damages for Kevin's estate.

134.    That Plaintiffs have been forced to retain the service of an attorney to represent them in this action, and as such are entitled to reasonable attorney's fees and litigation costs.

WHEREFORE, Plaintiffs pray judgment of this Court as follows:

1.    For compensatory damages in excess of $75,000, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial, and as described above;

2.    All other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988 and as otherwise may be allowed by Nevada and/or federal law, in excess of $75,000;

///

3.      For punitive damages against the individual defendants in an amount to be proven at

trial, in excess of $75,000;

4.      For pre-judgment interest;

5.      For reasonable costs of this suit and attorneys' fees; and

6.      For such other relief as the Court may deem just.

DATED this 15th day of June, 2021.

GERALD I. GILLOCK & ASSOCIATES

By:____/s/   Gerald I. Gillock_____
      GERALD I. GILLOCK, ESQ.
      Nevada Bar No. 51
      MICHAEL H. COGGESHALL, ESQ.
      Nevada Bar No. 14502
      428 South Fourth Street
      Las Vegas, NV  89101
      *Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable pursuant to the Federal Rules of Civil

Procedure.

DATED this 15th day of June, 2021.

GERALD I. GILLOCK & ASSOCIATES

By:____/s/   Gerald I. Gillock_____
      GERALD I. GILLOCK, ESQ.
      Nevada Bar No. 51
      MICHAEL H. COGGESHALL, ESQ.
      Nevada Bar No. 14502
      428 South Fourth Street
      Las Vegas, NV  89101
      *Attorney for Plaintiffs*