UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Michael Lewis, individually and as Administrator of the Estate of Kevin Lewis, deceased, as Guardian Ad Litem of L.A.L, a minor, and E.L.L., a minor, as heirs of the Estate of Kevin Lewis, deceased,<br><br>Plaintiff<br><br>v.<br><br>City of Henderson, et al.,<br><br>Defendants | Case No.: 2:21-cv-01128-CDS-DJA<br><br>**Order Granting Plaintiff's Petition for Minors' Compromise (Public Version)**<br><br>[ECF Nos. 75, 76] |

Plaintiff Michael Lewis, guardian ad litem of minors L.A.L. and E.L.L., and administrator of the estate of his adult brother, decedent Kevin Lewis, petitions for an order approving the minors' compromise of claims with defendants City of Henderson, Nevada, and Thedrick Andres. ECF Nos. 75; 76.[1] No opposition to the petition has been filed. The court set the matter for hearing on June 21, 2024, and found that the petition discusses the circumstances which give rise to these claims as set forth in the complaint, which is incorporated by reference. Upon review of the papers submitted and arguments presented at the hearing, the court finds that the settlement is fair and reasonable and in the best interest of the minors. Thus, I grant plaintiff's petition for compromise of minors' claims for L.A.L. and E.L.L.. An unsealed version of this order redacted of the confidential settlement amount reached with the City of Henderson and Andres will be filed on the public record.

I.      **Legal standard**

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). This special duty "requires a district court to 'conduct its own inquiry to

---

[1] For ease of reference, I refer to the public redacted version (ECF No. 76) throughout this order.

determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). The court must independently investigate and evaluate any compromise or settlement of a minor's claim to assure itself that the minor's interests are protected, even if the settlement has been recommended and/or negotiated by the minor's parent or guardian ad litem. *Id.*

Under Nevada law, a parent or guardian must seek the court's approval to compromise a disputed claim held by a minor by filing a verified petition in writing. Nevada Revised Statutes (NRS) 41.200. No settlement is effective until it is approved by the court. *Id.* at (1) ("If an unemancipated minor has a disputed claim . . ., either parent . . . has the right to compromise the claim. Such a compromise is not effective until it is approved by the district court . . . upon a verified petition in writing, regularly filed with the court."); *Haley v. Eighth Jud. Dist. Ct.*, 273 P.3d 855, 859 (Nev. 2012) (compromise of a minor's claim "is not effective until approved by the district court upon a verified petition in writing."). Citing Ninth Circuit and other federal circuit case law, the Supreme Court of Nevada concluded that "NRS 41.200 allows the district court to assess the reasonableness of the petition to approve the compromise of a minor's claim and to ensure the approval of the proposed compromise is in the minor's best interest." *Id.* at 860. "This review necessarily entails the authority to review each portion of the proposed compromise for reasonableness and to adjust the terms of the settlement accordingly, including the fees and costs to be taken from the minor's recovery." *Id.*

II.     Discussion

   A. Proposed Settlement

In February 2024, Lewis entered into a settlement with the City of Henderson and Andres. ECF No. 73. A written settlement agreement was executed on May 9, 2024, and is attached to the petition as Exhibit B. ECF No. 76-1. Under the terms of the agreement, $60,000 is to be distributed to L.A.L. and E.L.L. and their attorneys. *Id.* Lewis seeks authorization to distribute the settlement on behalf of the minors. After deducting $3,585.05 in

costs incurred in prosecuting these claims, the net settlement balance of $56,414.95, to L.A.L. and E.L.L., is to be paid into a structured settlement annuity. ECF No. 76 at 2; 76-2.

### B. Method of Disbursement

The parties propose that the net settlement funds be placed in an income tax-free structured settlement annuity for each minor through Pacific Life & Annuity Services. ECF Nos. 76 at 4–5; 76-2. I have considered the structured annuity quote provided by Pacific Life & Annuity Services and the disbursement chosen by Lewis. This method provides that the balance of the settlement be placed in individual accounts for the minors with disbursements to be made over a period of two months after they reach the age of 18. *Id.* This annuity also provides the minors with guaranteed lump sum payments. E.L.L. will receive $25,346.75 on 3/2/2037 and $25,346.75 on 4/2/2037 for a guaranteed benefit of $50,693.50 after the final payments occur. *Id.* L.A.L. will receive $26,753.57 on 4/13/2038 and $26,753.57 on 5/13/2038 for a guaranteed benefit of $53,507.14 after the final payments occur. *Id.* I find the method of disbursements to be fair, reasonable, and within the bounds of applicable law. The annuities protect the minors as they provide that the settlement be released after they reach the age of majority.

## III.  Conclusion

Based on the foregoing, the petition for approval of minors' compromise **[ECF Nos. 75, 76] is approved** and it is ordered that the settlement be implemented according to its terms, and as described above.

Dated: July 1, 2024

_____
Cristina D. Silva
United States District Judge